MONGER, ADMR., APPELLANT, *v.* JONES, ADMR., APPELLEE.

(No. 148—Decided June 21, 1949.)

*Mr. Thomas H. Monger, in propria persona.*
*Mr. Charles H. Jones, in propria persona.*
*Mr. Harry B. Reese,* for Robin Stoolfire.
*Mr. David G. Howell,* for Frances Guest.

METCALF, J. This is an action originating in the Probate Court of Jackson County, wherein proceedings were brought pursuant to Section 10506-86 *et seq.,* General Code, to compel the payment by the defendant, in his fiduciary capacity, of the balance alleged to be due upon the year's allowance, together with interest thereon, claimed by plaintiff on behalf of the estate of his decedent.

On May 11, 1921, Henry S. Willard, Sr., defendant's decedent, died testate, leaving Kate R. Willard, plaintiff's decedent, his surviving spouse. She and their son, Henry S. Willard, Jr., were appointed coexecutors of the last will and testament of Henry S. Willard, Sr., and in the inventory and appraisement of his estate there was set off to the surviving spouse by the appraisers the sum of $6,000 for her year's allowance.

Kate R. Willard, the surviving spouse and coexecutor died testate May 16, 1923, at which time $1,000 had been paid on her year's allowance, leaving a balance due in the sum of $5,000.

For the purpose of this opinion it is not necessary to set forth the predecessor fiduciaries of plaintiff and defendant.

The case was submitted to the Probate Court upon an agreed statement of facts, and the court found in favor of the plaintiff in the principal sum of $5,000, disallowing the claim for interest. It is from that judgment that plaintiff appeals on questions of law, asking that the same be modified to include interest on the unpaid amount of the year's allowance.

The statute in effect at the time of the deaths of both plaintiff's and defendant's decedents made the year's allowance to the surviving spouse a preferred claim, subject only to the funeral expenses, expenses of the last sickness, and expenses of administration. (Former Section 10714, General Code.) At that time the statute was silent as to interest on any unpaid allowance or part thereof. Section 10509-75, General Code, as amended, effective September 2, 1935 (116 Ohio Laws, 396), provides, among other things, that ''when money is allowed for the support of such widow or children, the same shall be paid upon approval of the inventory or as soon thereafter as money is available for that purpose. Such allowance in money shall bear interest at the legal rate from the date of death of the decedent until paid, if demanded.''

By a long line of decisions, unnecessary to cite, the allowance to the surviving spouse and children has always been considered in Ohio as a debt against the estate of the decedent and a vested right, not divested, even by the death of the widow or any other contingency occurring after the amount has been fixed and allowed. The fixing of the allowance has the force and effect of an adjudication, and the amount so allowed is withdrawn from the balance of the estate and becomes a preferred debt. If not expended by the widow for her support, her estate may recover the amount from her husband's estate. Unless those entitled to this allowance waive or relinquish their

right to it even death does not defeat it. See 18 Ohio Jurisprudence, 449, 450, Section 352, and cases cited thereunder.

This court has carefully examined the agreed statement of facts comprising the bill of exceptions, and in no way can the action of plaintiff's decedent as coexecutor of her husband's estate or as his surviving spouse be deemed in any way a waiver or relinquishment of her right to this year's allowance; nor can any inference of negligence or misconduct on her part be imputed to her in order to bar the claim of her estate for interest on the unpaid balance.

On the contrary, the bill of exceptions discloses an ardent and sacrificial desire on the part of plaintiff's decedent to preserve the assets of her deceased husband's estate, the status of which at no time during her lifetime permitted the payment of this allowance without jeopardizing the assets thereof.

In 18 Ohio Jurisprudence, 462, Section 358, it is said:

"Whether interest should be paid upon the amount allowed the widow by the appraisers for the year's support up to the time when it was paid depends on the existence of facts which may justify such an order. If the widow, being herself executrix, was negligent in her duties and responsible for the delayed payment of the allowance, she should not profit by the delay."

In *Watts* v. *Watts,* 38 Ohio St., 480, a case decided more than sixty years ago, in which the widow had taken credit for items of interest similar to the interest claimed in the instant case, the Supreme Court said on page 492:

"As to items of interest excepted to, we have not the data before us to determine whether she is entitled to it or not.

"The general rules for charging or allowing inter-

est in the accounts of executors and administrators are applicable. They should be applied in settling this question.''

The defendant in the instant case, in his fiduciary capacity, recognized the above principle when he filed the first and final account on behalf of his decedent as the deceased executor of the estate of Henry S. Willard, Sr., when he set forth therein ''there is now due and owing to Kate R. Willard or her estate, a balance of $5,000 *on her year's allowance as widow with inest from the 11th* day of May, 1922.'' (Emphasis supplied.)

Without discussing the effectiveness of the allowance of this account containing the above notation it is sufficient to say that while the defendant fiduciary has done all things necessary to protect his trust, yet, both by that notation and in oral argument, defendant recognized the common-law principle of interest accruing on a liquidated and preferred claim.

Therefore, the judgment of the Probate Court is modified to include the lawful rate of interest from May 11, 1922, and, as modified, is affirmed.

*Judgment modified and as modified affirmed.*

McCURDY, P. J., and GILLEN, J., concur.